■ JOHN WRIGHT, Appellant, v HORACE SNOW, Respondent. —Levine, J. Appeal from an order of the Supreme Court (Dier, J.), entered January 4, 1991 in Essex County, which, *inter alia,* granted defendant's motion to unseal plaintiff's criminal record.

Plaintiff commenced this action in April 1990 claiming, *inter alia,* that defendant made various slanderous statements

during his testimony at a State Liquor Authority hearing held in April 1989. The amended complaint alleged, insofar as is relevant here, that defendant knowingly testified falsely that plaintiff had been arrested, convicted and sentenced to State prison in 1966 and that he had a prior felony conviction in New Jersey. In his answer, defendant generally denied the allegations in the complaint and asserted various affirmative defenses, including that the statements made by him were true.

Defendant thereafter served plaintiff with a notice to admit. Plaintiff responded with an affidavit in which he asserted that the factual matters referred to by defendant were privileged since they were contained in records which had been sealed pursuant to CPL 160.50. Defendant then moved for an order unsealing the court records with regard to plaintiff's 1966 arrest, prosecution and sentencing. Supreme Court granted the motion, directing plaintiff to deliver to defendant the necessary authorizations for unsealing the records or be precluded from offering at trial any evidence that he was never charged, convicted and sentenced or rebutting any evidence presented by defendant in support of his defense of truth. This appeal followed.

We affirm. CPL 160.50 provides for the sealing of records relating to the arrest and prosecution of an accused upon the termination of a criminal proceeding in his favor. This section creates a statutory privilege intended to ensure confidentiality and protect an individual from the potential stigma resulting from a criminal matter *(see, Taylor v New York City Tr. Auth.,* 131 AD2d 460, 462; *Maxie v Gimbel Bros.,* 102 Misc 2d 296, 302; 1984 Opns Atty Gen 34). However, where an individual commences a civil action and affirmatively places the information protected by CPL 160.50 into issue, the privilege is effectively waived *(see, Taylor v New York City Tr. Auth., supra; Gebbie v Gertz Div. of Allied Stores,* 94 AD2d 165, 173-174; *see also, Lundell v Ford Motor Co.,* 120 AD2d 575, 576). In this case, plaintiff clearly placed in issue his arrest and prosecution by commencing this action and asserting a cause of action for slander. The records concerning plaintiff's criminal proceeding are relevant to and bear directly on defendant's affirmative defense of truth *(see, Kaplan v Kaplan,* 31 NY2d 63, 65; *see also, Schwartzberg v Mongiardo,* 113 AD2d 172, 174). Thus, plaintiff has waived the privilege conferred by CPL 160.50 and must consent to defendant's procurement and examination of the sealed records or be precluded from prosecuting his slander cause of action *(see, Gebbie v Gertz Div. of*

*Allied Stores, supra,* at 174-175). To hold otherwise would allow plaintiff to use the privilege "as a sword rather than a shield", thereby hindering defendant's ability to put forth a defense *(Koump v Smith,* 25 NY2d 287, 294).

Mahoney, P. J., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is affirmed, with costs.