■ In the Matter of ROBERT ABRAMS, as Attorney-General of the State of New York, Respondent, v JOSEPH SKOLNIK, Appellant.—Mahoney, J. Appeal from an order of the Supreme Court (Harris, J.), entered November 25, 1991 in Al-

---

bany County, which, upon reargument, adhered to its prior decision granting petitioner's application, in a proceeding pursuant to CPL 160.50, to unseal the record of certain criminal proceedings.

As a result of findings uncovered during a tax audit of Shopper's Marketing, Inc. (hereinafter the corporation), in January 1984 the Department of Taxation and Finance requested petitioner to investigate and, if necessary, prosecute respondent and other officers of the corporation in connection with false statements made in sales tax and motor fuel tax returns filed on behalf of the corporation during 1983. An indictment was subsequently handed up charging respondent with numerous violations of Tax Law § 289-b and Penal Law § 175.35. Following respondent's acquittal of the charges, County Court granted his motion pursuant to CPL 160.50 to seal all official records relating to the arrest and prosecution.

Shortly thereafter, the Department issued an assessment against respondent for $4,883,690.20 in past due sales taxes. After an unsuccessful conciliation conference before the Department's Bureau of Conciliation and Mediation Services, respondent petitioned the Division of Tax Appeals for a redetermination of the sales tax assessment. In order to oppose respondent's challenge, the Department sought to have respondent execute a waiver to allow it access to the sealed records related to the criminal trial. When respondent failed to agree to the waiver, petitioner, on behalf of the Department, applied to Supreme Court for an order unsealing these records. From Supreme Court's order granting the application to unseal the trial testimony and exhibits, respondent appeals.

We affirm. The well-established purpose of the CPL 160.50 record sealing provision for persons acquitted of criminal charges is to ensure confidentiality and to protect the individual from the potential public stigma associated with a criminal prosecution (*Wright v Snow,* 175 AD2d 451, 452, *lv dismissed* 79 NY2d 822). However, it is clear that this benefit, which is considered a statutory privilege, is not absolute; it is subject to specific statutory exceptions (CPL 160.50 [1] [d]) and can be abrogated in situations where a court in its discretion determines that the interest of justice so requires (*Matter of Hynes v Karassik,* 47 NY2d 659, 663-664). This protection is also capable of being waived by the individual. One such recognized instance of waiver occurs where the protected individual commences a civil action or proceeding and, in so doing, affirmatively places in issue elements that are common or related to the prior criminal action (*see, e.g., Wright v*

*Snow, supra; Gebbie v Gertz Div. of Allied Stores,* 94 AD2d 165, 173).

In our view, the evidence presented herein is sufficient to warrant unsealing either under the theory of waiver or as a matter of discretion in furtherance of the interest of justice. Inasmuch as respondent's challenge to the tax assessment is grounded, in part, upon his claim that he was not a responsible officer of the corporation during the period alleged, a matter on which testimony was had and exhibits introduced during the criminal trial, that issue, as well as the related issue of the degree of respondent's participation in the business, is clearly relevant to the tax proceeding and, thus, effects a waiver under the principles previously noted. In any event, given that respondent's business associate (who provided key testimony at the criminal trial) is now deceased, another is unavailable and certain of the records submitted at trial are otherwise not attainable, ample evidence exists for unsealing these records under interest of justice principles *(cf., Matter of Anonymous,* 95 AD2d 763, 764).

Weiss, P. J., Levine, Casey and Harvey, JJ., concur. Ordered that the order is affirmed, without costs.