■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MERVIL GRANJA, Appellant. [599 NYS2d 41] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Tomei, J.), rendered August 12, 1991, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of assault in the first degree to a conviction of assault in the second degree, and vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

With respect to the defendant's challenge to the credibility of the identifying witness, we note that the resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). We discern no basis in this case for disturbing the jury's determination that the defendant was one of the persons who struck the victim.

However, we agree with the defendant that the evidence in the record is not legally sufficient to demonstrate such aggravating circumstances as to support the defendant's conviction of depraved indifference assault *(see,* Penal Law § 120.10 [3]). There was no evidence that the defendant knew that the codefendant had a baseball bat or intended to beat the victim once the defendant knocked him to the ground. While the defendant's actions clearly establish that he recklessly caused the victim to suffer serious physical injury and therefore would support a conviction of the lesser included offense of assault in the second degree *(see,* Penal Law § 120.05 [4]), those actions, when considered with the circumstances attendant thereto, were not so wanton as to justify a depraved indifference assault conviction. Accordingly, we have reduced the conviction from assault in the first degree to assault in the second degree.

The defendant's remaining contentions are either without merit or unpreserved for appellate review *(see,* CPL 470.05 [2]), and we decline to consider them in the exercise of our interest of justice jurisdiction. Lawrence, J. P., Ritter, Copertino and Santucci, JJ., concur.