*967 OPINION OF THE COURT
Walter J. Relihan, Jr., J.
This is a petition, pursuant to CPL 160.50, to unseal certain records in People v Dennett, a prosecution which resulted in the acquittal of a wife for the murder of her husband. The petitioner is the mother of a child born out of wedlock. The wife (widow) opposes the application. The purpose of the petition is to obtain certain biological materials (blood and tissue samples, etc.) from the body and/or personal effects of the deceased husband which may establish the paternity of the child born to the petitioner.
New York law now permits a "non-marital” child to inherit an intestate share of a parent’s estate (EPTL 4-1.2). A filiation proceeding is now pending on behalf of the child in Family Court. CPL 160.50 (1) (d) provides that only specified public agencies may obtain access to such records. The petitioner, obviously, is not such an agency.
We also acknowledge that the Court of Appeals, in Matter of Joseph M. (82 NY2d 128), declined to recognize an "inherent power” to unseal records, outside the literal provisions of CPL 160.50. In that case, the records were sought by a school board for the purpose of initiating disciplinary proceedings against a teacher for drug possession. Previously, the teacher had been acquitted of the identical charge. Clearly, a determination to open the records under those circumstances would have collided directly with the public policy which motivated the enactment of section 160.50.
Matter of Joseph M. (supra), however, decided a narrow point. The Court simply ruled that a superior court may not rely upon "inherent powers” to unseal records, under circumstances other than those defined in CPL 160.50, where the disclosure would "frustrate a primary purpose of the 1976 amendments to the Criminal Procedure Law and the Human Rights Law * * * protecting exonerated individuals from the unwarranted stigma that their employers or others could attach to dismissed criminal charges” (at 134). The case before us is quite different.
Clearly, the widow may suffer an economic loss if the putative nonmarital child succeeds in the filiation proceeding. This, however, is not the kind of personal stigma which section 160.50 was enacted to prevent. Nothing in the disclosure of the records sought in this proceeding is calculated to *968 bring new and unwarranted obloquy upon the wife based upon a failed charge that she murdered her husband.
Concededly, the petitioner will face a variety of hurdles in the pursuit of the paternity proceeding (cf., Matter of Janis, 157 Misc 2d 999). However, a denial of all opportunity to obtain the biological evidence presently under seal would foredoom the child’s claim and defeat the rights created in the Estates, Powers and Trusts Law.
In our view, Matter of Joseph M. (supra) does not preclude reliance upon the doctrine, still in the process of explication, that records may be unsealed in extraordinary circumstances. We conclude that the interests of justice would be served, without injury to the reputation or employment prospects of an exonerated defendant, by disclosure of the pertinent evidence (cf., Matter of Hynes v Karassik, 47 NY2d 659; Matter of Abrams v Skolnik, 185 AD2d 407).
The District Attorney and the decedent’s estate, among other parties, do not object to the petition. The widow, of course, resists disclosure and argues that the marital child, not named in the petition, is a necessary party. We disagree. Complete relief can be afforded the petitioner without directly affecting the property interests of the marital child.
The petitioner may submit an order, on notice, describing with particularity the evidence to be unsealed.