■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ANGELO, Appellant. [618 NYS2d 77] —Appeal by the defendant from three judgments of the County Court, Suffolk County (Tisch, J.), all rendered January 24, 1990, convicting him of assault in the first degree (two counts) and assault in the second degree under Indictment No. 1499/87, criminally negligent homicide under Indictment No. 38/88, and murder in the second degree (two counts), manslaughter in the second degree, and assault in the second degree (three counts) under Indictment No. 1882/88, upon jury verdicts, and imposing sentences.

Ordered that the judgments are affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

The defendant did not have the right to be present at the

autopsies which were conducted upon the District Attorney's request *(see,* County Law § 677 [3] [b]).

Furthermore, since the reliability of the polygraph test has not been demonstrated with sufficient certainty to be admissible in this State *(see, People v Shedrick,* 66 NY2d 1015, 1018; *People v Leone,* 25 NY2d 511), it was not error for the trial court to preclude a defense psychiatrist from stating that his conclusions were based in whole or in part on such a test *(see generally, People v Ford,* 304 NY 679).

The court did not err in imposing consecutive sentences since the defendant committed separate acts, none of which was a material element of another crime *(see, People v Danielson,* 184 AD2d 723).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Joy, Krausman and Goldstein, JJ., concur.