■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHERINE CARMODY, Appellant. [624 NYS2d 953] —Appeal by the defendant from a judgment of the County Court, Nassau County (Jonas, J.), rendered September 26, 1994, convicting her of leaving the scene of an accident without reporting, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed, and the matter is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (5).

Although we have previously determined that the evidence adduced at trial was legally sufficient to sustain the verdict *(see, People v Carmody,* 203 AD2d 298), the defendant contends that the verdict was contrary to the weight of the evidence *(see,* CPL 470.15 [5]; *see also, People v Carter,* 63 NY2d 530; *People v Kidd,* 76 AD2d 665), because the trier of fact failed to properly credit certain evidence offered by the defendant. While an intermediate appellate court may set aside a verdict of guilty where it appears that the trier of fact failed to properly weigh the evidence *(see, People v Bleakley,* 69 NY2d 490; *People v Hagmann,* 175 AD2d 502), it is well settled that issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the trier of fact, who had the opportunity to hear and observe the witnesses *(see, People v Bleakley, supra; People v Livingston,* 184 AD2d 529; *People v Walker,* 175 AD2d 146; *People v Scott,* 134 AD2d 379). The verdict was not against the weight of the evidence.

The County Court did not err in excluding polygraph evidence during sentencing *(see, People v Shedrick,* 66 NY2d 1015; *People v Angelo,* 208 AD2d 939). Furthermore, the sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80; *see also, People v Lewis,* 162 AD2d 760). Sullivan, J. P., Lawrence, Copertino and Joy, JJ., concur.