■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES McGURK, Appellant. [645 NYS2d 923] —Spain, J. Appeal from an order of the County Court of Tompkins County (Barrett, J.), entered February 13, 1996, which granted the People's application, in a proceeding pursuant to CPL 160.50, to modify an existing sealing order in a criminal prosecution.

Defendant, a psychiatrist enrolled as a provider of services in the State Medicaid program, was acquitted after a jury trial in Tompkins County of one count of grand larceny in the third degree and 19 counts of offering a false statement for filing in the first degree. The following day County Court, pursuant to CPL 160.50, entered a sealing order which sealed, in pertinent part, "all official records and papers other than court decisions relating to the arrest or prosecution of * * * defendant". In compliance with the order the Attorney-General's office returned photographs of defendant and patient records to defense counsel and sealed the office case file including accusatory instruments, motion papers, memoranda of witnesses for the investigation and the documents that are the subject of the instant proceeding, to wit: Medicaid claim forms, Medicaid remittance statements and Medicaid payment checks drawn on Key Bank, N. A., all stemming from defendant's contractual relationship with the State Department of Social Services (hereinafter DSS).

Thereafter, the Federal Government commenced a civil false claims action, pursuant to 31 USC § 3729, against defendant. In furtherance of a request by the local United States Attorney, the Attorney-General moved for an order modifying the terms of the sealing order, nunc pro tunc, by including a provision that the order not encompass preexisting records produced by a third party in the regular course of its business. Defendant opposed the application arguing that the documents subject to the request, all of which were introduced into evidence at the criminal trial, were relevant to the issue of defendant's guilt, were testimonial in nature and were requested for the purpose of imposing civil penalties against him rather than the collection of overpayments made to him. County Court found that although the requested documents were used in the arrest and prosecution of defendant, they were preexisting business records that were not generated for defendant's arrest or prosecution and, therefore, granted the motion. Defendant appealed and this Court issued a stay pending disposition of the appeal.

We affirm. "The well-established purpose of the CPL 160.50

record sealing provision for persons acquitted of criminal charges is to ensure confidentiality and to protect the individual from the potential public stigma associated with a criminal prosecution" (*Matter of Abrams v Skolnik*, 185 AD2d 407, 408). Further "a proper recognition of the purpose underlying the legislation strongly opposes an interpretation that would encompass forensic evidence collected prior to the institution of any criminal proceeding and having no probative value" (*Matter of Vrooman v Dentes*, 205 AD2d 235, 237-238, *lv dismissed* 85 NY2d 934).

Here, the documents in question were created in the regular course of business prior to the commencement of the criminal proceeding and each document on its face is innocuous. Clearly, these documents were not generated in furtherance of the prosecution of the criminal proceeding; rather, the documents were generated during an ongoing contractual relationship between defendant and DSS. While the Medicaid claim forms were filled out and submitted by or on behalf of defendant, they became the records of DSS when they were received by DSS. Moreover, the documents are not records of the prosecutor, the court or a police agency (*see, People v Dr. Roe*, 165 Misc 2d 554). In our view, the documents do not fall within the scope of "official records and papers" contemplated by CPL 160.50 (1) (c).

Cardona, P. J., Mikoll, Mercure and White, JJ., concur. Ordered that the order is affirmed.