[684 NYS2d 305]

In the Matter of Susan Scheufler, Respondent, v Kenneth Bruno, as Rensselaer County District Attorney, Appellant, et al., Respondents.

Third Department, January 20, 1999

## APPEARANCES OF COUNSEL

*Kenneth R. Bruno, District Attorney* of Rensselaer County, Troy (*Bruce E. Knoll* of counsel), for appellant.

*Kindlon & Shanks, P. C.,* Albany (*Laurie Shanks* of counsel), for respondent.

*Susan L. Valle,* Albany, for New York State District Attorneys Association, *amicus curiae.*

## OPINION OF THE COURT

MERCURE, J. P.

On January 7, 1999, a felony complaint was filed against petitioner charging her with murder in the second degree based upon her confession that she had caused the death of her husband on July 31, 1997 by placing a pillow on his face so that he could no longer breathe. At the time of the death, no autopsy was conducted and the cause of death stated on the certificate of death was cancer. Pursuant to Public Health Law § 4210 (4), respondent Rensselaer County District Attorney sought to exhume the body of petitioner's husband for an autopsy to be conducted by respondent Rensselaer County Medical Examiner. By order dated January 8, 1999, County Court (McGrath, J.) authorized the exhumation and transportation of the body to Albany Medical Center for the autopsy.

By order to show cause dated January 8, 1999, petitioner commenced this proceeding to prohibit the autopsy in the absence of the pathologist retained by petitioner to assist in her defense of the pending criminal action against her. The order to show cause included a temporary restraining order which prohibited the autopsy pending a hearing on petitioner's application. The District Attorney opposed the application and on January 9, 1999 Supreme Court heard oral argument. Based upon the conclusion that this is a unique case in which it would be better to have two experts involved in the "critically important autopsy procedure", Supreme Court ordered that petitioner's pathologist be permitted to attend the autopsy. The District Attorney filed a notice of appeal and this Court granted his motion for a preference.

On appeal, the District Attorney contends that any right to information concerning an autopsy is defined by the laws governing discovery. Significantly, CPL article 240, which defines the breadth of criminal discovery in New York (*see, Matter of Miller v Schwartz*, 72 NY2d 869, 870; *Matter of Sacket v Bartlett*, 241 AD2d 97, 101, *lv denied* 92 NY2d 806), does not authorize the courts to compel the attendance of any person at an autopsy. Petitioner, on the other hand, contends that the right she seeks to enforce is not a matter of discovery but instead derives from her Sixth Amendment right to counsel. According to petitioner, the presence of her pathologist at the autopsy will "ensure the integrity and fairness of the process". We disagree with both contentions.

First, while there is no question that petitioner's right to counsel attached upon the filing of the felony complaint (*see, People v Brown*, 216 AD2d 670, 672, *lv denied* 86 NY2d 791), that right extends only to a critical stage of the criminal proceeding (*see, People v Harris*, 79 NY2d 909, 910). The mere fact that the Medical Examiner's determination may be a critical element of the prosecution's case against petitioner does not make the autopsy a critical stage of the criminal proceeding against petitioner. In our view, petitioner's reliance upon *United States v Wade* (388 US 218) and *United States v Ash* (413 US 300) is misplaced. In *Wade*, the Court noted that preparatory steps in the gathering of evidence "are not critical stages since there is minimal risk that [her] counsel's absence at such stages might derogate from [her] right to a fair trial" (*id.*, at 228). The *Ash* case refused to extend the right-to-counsel holding of *Wade* to pretrial photographic identifications, stating that "[t]he primary safeguard against abuses of this kind is the ethical responsibility of the prosecutor" (*United States v Ash, supra*, at 320). On the other hand, the District Attorney's analysis fails to distinguish between the *gathering* of evidence, which constitutes the investigative process, and the compulsion to *disclose* the evidence so gathered, which is controlled by the discovery statutes. In our view, the provisions of CPL article 240 are essentially irrelevant to the issues raised in petitioner's application (*but see, Matter of Brown v Appelman*, 241 AD2d 279).

Far more disturbing, though, is the parties' unwarranted presumption that the Medical Examiner serves as an arm of the prosecution and acts under the direction and control of the District Attorney. The Medical Examiner is an appointed county officer who must be a licensed physician qualified to

perform an autopsy (*see,* County Law § 400 [4-a]). The Medical Examiner's general powers, jurisdiction and manner of investigation are codified in County Law article 17-A (*see,* County Law §§ 671-674). The Medical Examiner is not a peace officer (*see,* CPL 2.10) and has no law enforcement powers. The Medical Examiner does, however, "have the power to subpoena and examine witnesses under oath in the same manner as a magistrate in holding a court of special sessions" (County Law § 674 [4]). In considering the role of Medical Examiners in New York City, who have similar duties under the New York City Charter and Administrative Code of the City of New York, the Court of Appeals concluded that those duties are "independent of and not subject to the control of the office of the prosecutor and that [the Office of Chief Medical Examiner] is not a law enforcement agency" (*People v Washington,* 86 NY2d 189, 192). The Medical Examiner's role is "to provide an impartial determination of the cause of death" (*id.,* at 193). There is no authority for the Medical Examiner to gather evidence with an eye toward prosecuting a perpetrator (*see, id.*). Nor is the purpose of the Medical Examiner's investigation to determine petitioner's guilt or innocence of the crime charged in the felony complaint (*see, People v Smith,* 206 AD2d 102, 111, *affd* 85 NY2d 1018). The Medical Examiner's investigation is not an exercise of any law enforcement power and is not a part of a criminal proceeding.

Within the context of this proceeding, however, our conclusion that the Medical Examiner performs no law enforcement function and operates independently of the District Attorney does not inure to petitioner's benefit. Based upon the nature of the relief sought by petitioner in the order to show cause which commenced this proceeding—permitting respondents to conduct the autopsy only in the presence of petitioner's pathologist—it is our view that this is to be classified as a CPLR article 78 proceeding in the nature of mandamus to compel (*see,* CPLR 7803 [1]). Mandamus to compel is an extraordinary remedy, available, as against an administrative officer, only to compel the performance of a duty enjoined by law (*see, Klostermann v Cuomo,* 61 NY2d 525, 539-540). Notably, there is no statute that requires respondents to permit the attendance of petitioner's pathologist at the autopsy of petitioner's husband conducted at the request of the District Attorney. Such a statute existed prior to 1965 (*see,* former Code of Criminal Procedure § 778-a) but, when the statutes relating to Coroners and Medical Examiners were updated and moved from the former Code

of Criminal Procedure to County Law article 17-A, the provision that permitted attendance at an autopsy as a matter of right was eliminated (*see,* L 1965, ch 545). Opposition to the continued inclusion of the provision was based on a concern that "it might result in pressure being brought to bear on the officer making autopsy findings" (1965 Legis Doc No. 65 [C], 1965 McKinney's Session Laws of NY, at 2023). The defendant in a criminal action, therefore, has no statutory right to be present at an autopsy conducted upon a District Attorney's request (*see, People v Angelo,* 208 AD2d 939, *affd* 88 NY2d 217).

Based upon the foregoing analysis, we conclude that petitioner has not established her right to the extraordinary remedy of mandamus. The judgment must, therefore, be reversed and the petition dismissed.

CREW III, PETERS, SPAIN and CARPINELLO, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.