■ In the Matter of MICHAEL BROWN, Appellant, v EDWARD R. HALLMAN, as Executive Deputy Commissioner of the Division of Criminal Justice Services of New York State, Respondent. [717 NYS2d 723] —Crew III, J. P. Appeal from a judgment of the Supreme Court (Cobb, J.), entered December 22, 1999 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to expunge certain information from petitioner's criminal history record.

Petitioner commenced this CPLR article 78 proceeding in the nature of mandamus seeking to compel respondent to expunge from petitioner's criminal history record all references to various criminal actions or proceedings that were terminated in his favor. Supreme Court dismissed the petition, prompting this appeal.

We affirm. "Mandamus to compel is an extraordinary remedy, available, as against an administrative officer, only to compel the performance of a duty enjoined by law [citation omitted]" (*Matter of Scheufler v Bruno*, 250 AD2d 268, 271). Petitioner concedes that there is no statutory authority authorizing or requiring respondent to expunge from petitioner's criminal history record all references to adult criminal prosecutions that terminated in petitioner's favor. Nonetheless, petitioner argues that CPL 160.50, which provides for the sealing of records relating to the arrest and prosecution of an accused upon the termination of a criminal proceeding in his or her favor, evidences a legislative intent to "expunge all indicia of an arrest which does not result in a criminal conviction." We cannot agree.

Petitioner's argument on this point is belied by the statute itself; the use of the word "sealed" and the corresponding provisions for the "unsealing" of records in certain limited instances (*see*, CPL 160.50 [1] [d]) plainly demonstrates that the Legislature intended the affected records to be sealed, not expunged. Having failed to demonstrate a clear legal right to the relief sought, petitioner's application was properly dismissed. Moreover, even if we were to view the instant proceeding as one in the nature of mandamus to review, we would find no basis to disturb respondent's determination.

Peters, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.