■ In the Matter of DAVID BURR, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of

Correctional Services, Respondent. [725 NYS2d 151] —Spain, J. Appeal from a judgment of the Supreme Court (Castellino, J.), entered August 3, 2000 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to expunge from petitioner's institutional records certain information related to petitioner's criminal history.

Petitioner, a prison inmate, commenced this CPLR article 78 proceeding seeking, *inter alia*, to compel respondent to expunge all references in petitioner's institutional records which reflect charges against him of escape in the third degree (Penal Law § 205.05) and disorderly conduct (Penal Law § 240.20 [7]) which were dismissed—i.e., terminated in his favor—in the City Court of Buffalo on March 1, 1983, and ordered sealed by that court pursuant to CPL 160.50. These charges were dismissed as part of a disposition in which petitioner was adjudicated a youthful offender with respect to a third charge, a misdemeanor (*see*, CPL art 720). The petition does not challenge or seek to expunge references to that youthful offender adjudication in the institutional records, or address itself to CPL 720.35.

Supreme Court dismissed the petition relying upon, *inter alia*, respondent's statutory duty to compile and maintain an inmate's criminal history, including charges that have been dismissed, for purposes of classification and assignment of inmates to programs (*see*, Correction Law § 137 [1]). Petitioner appeals.

Petitioner's main contention is that CPL 160.50 precludes respondent's access to and possession of that part of his Department of Criminal Justice Services (hereinafter DCJS) "rap sheet" which reflects that he was arrested on charges of, among others, escape in the third degree and disorderly conduct and that these two charges were ultimately dismissed. He argues that all information relating to said charges—which were sealed pursuant to CPL 160.50—should be removed by respondent from petitioner's institutional records. Notably, petitioner is not seeking to have the targeted information removed from his DCJS criminal history records and has not named DCJS as a party (*see, Matter of Brown v Hallman*, 278 AD2d 604, *lv denied* 96 NY2d 709).

CPL 160.50 provides for the sealing of records of a criminal proceeding which terminates in favor of the accused (*see*, CPL 160.50 [1]). In pertinent part, CPL 160.50 (1) (c) provides as follows: *"all official records and papers*, including judgments and orders of a court * * * relating to the arrest or prosecution, including all duplicates and copies thereof, on file with

the division of criminal justice services, any court, police agency, or prosecutor's office shall be sealed *and not made available to any person or public or private agency*" (emphasis supplied). This statutory mandate has been described as "broad and inclusive" (*Matter of Dondi*, 63 NY2d 331, 337). Although the statute also contains a list of exceptions—persons and agencies which shall have access to these sealed records under certain specified circumstances (*see*, CPL 160.50 [1] [d]; *Matter of Harper v Angiolillo*, 89 NY2d 761, 766-767, 767 n 1)—respondent is not listed among these exceptions.

Importantly, CPL 160.50 "serves the laudable goal of insuring that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation" (*Matter of Hynes v Karassik*, 47 NY2d 659, 662; *see*, *Matter of Harper v Angiolillo*, *supra*, at 766; *People v McGurk*, 229 AD2d 895). "Consistent with the statute's remedial purpose, is its intended application to any criminal action or proceeding terminated in favor of the person accused. The broad definition thus encompasses an expansive class of dispositions, including acquittal and various specified dismissals and vacaturs, regardless of whether premised on grounds unrelated to guilt or innocence [citation omitted]" (*Matter of Hynes v Karassik*, *supra*, at 663; *see*, CPL 160.50 [3]).

Although the sealing provision is generally invoked by those seeking to protect their civilian reputation and employment prospects (*see*, CPL 160.60; *Matter of Hynes v Karassik*, *supra*, at 662-663; *see also*, Executive Law § 296 [16]), nothing in the statute prevents its full and intended application to the situation presented in this case. It is clear that where, as here, the record relating to these dismissals is, in fact, sealed by court order and no statutory exception permits respondent's access to such information, the mandate and spirit of CPL 160.50 have not been followed. Moreover, the assertion that Correction Law § 137 (1) gives respondent the authority to maintain this information is unavailing as that statute contains no express exception to the clear requirement of CPL 160.50 (1) (c).

Accordingly, any reference to the charges against petitioner which were dismissed on March 1, 1983 should—pursuant to the sealed order—be removed from all records in respondent's possession.

Mercure, J. P., Crew III, Carpinello and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and petition granted to the extent that respondent is

directed to expunge all references to petitioner's arrest on and dismissal of charges of escape in the third degree and disorderly conduct from his institutional records.