■ The People of the State of New York, Respondent, v Martin See, Appellant. [767 NYS2d 879]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered January 29, 2002, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to prove his guilt beyond a reasonable doubt is unpreserved for appellate review (see CPL 470.05 [2]; People v Finger, 95 NY2d 894, 895 [2000]; People v Gray, 86 NY2d 10, 19-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (see Penal Law § 120.05 [4]; People v Granja, 194 AD2d 626, 627 [1993]; see also Penal Law § 265.01 [2]; People v Perez, 45 NY2d 204, 209 [1978]), and to disprove the justification defense (see Penal Law § 35.05 [2]; § 35.10 [6]; § 35.15 [1]; People v Reed, 40 NY2d 204, 209 [1976]).

Moreover, although the defendant argues that his witnesses were more plausible than the People's witnesses, and that the testimony of the complaining witness was both implausible and inconsistent with that of the complaining witness's father, these contentions merely involve issues of credibility. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, who saw and heard the witnesses (see People v Gaimari, 176 NY 84, 94 [1903]; People v Carmody, 213 AD2d 720 [1995]; People v Hainson, 161 AD2d 802 [1990]; People v McKenzie, 133 AD2d 126 [1987]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]). S. Miller, J.P., Friedmann, Townes and Mastro, JJ., concur.