■ In the Matter of SCOTT D., Appellant. PEOPLE OF THE STATE OF NEW YORK, et al., Respondents. [787 NYS2d 378]—

In a proceeding pursuant to CPL 160.50 (1) (d) (ii) to unseal the records of a criminal proceeding, the appeals are from (1) an order of the Supreme Court, Kings County (Hall, J.), dated July 11, 2002, which granted the ex parte application of the New York City Department of Education to unseal the records, and (2) an order of the same court entered July 30, 2002, which denied the appellant's motion, in effect, to vacate the order dated July 11, 2002.

Ordered that the appeal from the order dated July 11, 2002, is dismissed, as no appeal lies from an order issued ex parte; and it is further,

Ordered that the order entered July 30, 2002, is reversed, on the law, the motion, in effect, to vacate the order dated July 11, 2002, is granted, and the order dated July 11, 2002, is vacated; and it is further,

Ordered that one bill of costs is awarded to the appellant.

We agree with Scott D. that the Supreme Court erred in denying his motion, in effect, to vacate the order dated July 11, 2002, which granted the ex parte application of the New York City Department of Education to unseal criminal records which had been sealed pursuant to CPL 160.50, on the ground that Scott D. had waived the privilege conferred by CPL 160.50 by commencing a civil action which affirmatively placed the subject matter of the sealed records at issue. The civil action referred to by the Supreme Court was commenced by Scott D. against the City of New York and the police officer who arrested him. The unsealing order was issued in connection with a disciplinary proceeding brought by the New York City Department of Education against Scott D. While the facts underlying the arrest of Scott D. are relevant to both actions, by invoking the privilege in the disciplinary proceeding, Scott D. did not seek to simultaneously use it as a sword to gain advantage in that proceeding, and therefore the rationale for finding that the privilege was waived was not present in this case (cf. *Kalogris v Roberts,* 185 AD2d 335 [1992]; *Taylor v New York City Tr. Auth.,* 131 AD2d 460 [1987]; *Lundell v Ford Motor Co.,* 120 AD2d 575 [1986]; *Gebbie v Gertz Div. of Allied Stores of N.Y.,* 94 AD2d 165 [1983]). Smith, J.P., Luciano, Rivera and Lifson, JJ., concur.