In the Matter of CITY OF ELMIRA et al., Appellants, v JOHN DOE, Respondent. [833 NYS2d 304]—

Mercure, J.P. Appeal from an order of the Supreme Court (Buckley, J.), entered September 7, 2006 in Chemung County, which denied petitioners' application to unseal the record of certain criminal proceedings.

In November 2002, respondent was suspended without pay pending the resolution of a disciplinary proceeding in which he

was charged with stealing money and falsifying records in his capacity as a police officer at petitioner Elmira Police Department. The Elmira Police Benevolent Association (hereinafter PBA) filed an improper labor practice charge against petitioner City of Elmira after it refused to release various pertinent records. In August 2003, respondent was charged in an indictment with various crimes arising out of the same matters that were the subject of the disciplinary proceeding. County Court (Buckley, J.) ultimately dismissed all criminal charges against respondent in the interest of justice (see CPL 210.40) and the records relating to the criminal action were sealed pursuant to CPL 160.50 (1) (c).

Thereafter, petitioners filed this application seeking an order unsealing the records and releasing the transcripts of respondent's grand jury testimony for use in the disciplinary proceeding. Supreme Court (Buckley, J.) denied the motion in its entirety. Petitioners appeal and we now reverse in part.

Initially, we reject petitioners' argument that Supreme Court erred in denying their motion to unseal all official records from respondent's criminal case. Generally, when a criminal action or proceeding is terminated in favor of an accused, "all official records and papers . . . relating to the arrest or prosecution . . . on file with the division of criminal justice services, any court, police agency, or prosecutor's office shall be sealed and not made available to any person or public or private agency" (CPL 160.50 [1] [c]; see Matter of Joseph M. [New York City Bd. of Educ.], 82 NY2d 128, 132 [1993]). The statute specifies only six narrow, "precisely drawn" exceptions to the general proscription against releasing official records and papers once they are sealed (Matter of Katherine B. v Cataldo, 5 NY3d 196, 203 [2005]; see CPL 160.50 [1] [d]; Matter of Joseph M. [New York City Bd. of Educ.], supra at 132-133).

Here, petitioners assert that the records may be made available pursuant to CPL 160.50 (1) (d) (ii), which permits release to "a law enforcement agency . . . if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it." This Court has held, however, that when a police department conducts a disciplinary proceeding concerning one of its own employees, it acts as a public employer, rather than a "law enforcement agency," and the exception contained in subdivision (1) (d) (ii) is therefore inapplicable (Matter of New York State Police v Charles Q., 192 AD2d 142, 144 [1993]). Furthermore, there is no merit to petitioners' argument that Supreme Court had inherent authority to unseal the records in the absence of an applicable statutory exception.

While the Court of Appeals has indicated that courts have inherent authority to unseal criminal records in rare and extraordinary circumstances when necessary to serve fairness and justice (*see Matter of Dondi*, 63 NY2d 331, 338 [1984]; *Matter of Hynes v Karassik*, 47 NY2d 659, 664 [1979]), it has since confined that authority to the "Appellate Division's responsibility for discipline of attorneys pursuant to Judiciary Law § 90," a responsibility not implicated in this case (*Matter of Katherine B. v Cataldo, supra* at 203; *see Matter of Joseph M. [New York City Bd. of Educ.], supra* at 134).

Nor have petitioners established, as they contend, that respondent waived the protection of CPL 160.50. It is well settled that when "an individual commences a civil action and affirmatively places the information protected by CPL 160.50 into issue, the privilege is effectively waived" (*Wright v Snow*, 175 AD2d 451, 452 [1991], *lv dismissed* 79 NY2d 822 [1991]; *see e.g. Green v Montgomery*, 95 NY2d 693, 701 [2001]; *Rodriguez v Ford Motor Co.*, 301 AD2d 372, 372 [2003]; *Matter of Weigand [Elbridge True Value Hardware—Hudacs]*, 187 AD2d 791, 792 [1992]). The individual must then "consent to [his or her adversary's] procurement and examination of the sealed records or be precluded from prosecuting" his or her claim in the civil matter (*Wright v Snow, supra* at 452; *see Gebbie v Gertz Div. of Allied Stores of N.Y.*, 94 AD2d 165, 174-175 [1983]). Here, petitioners assert that respondent waived the CPL 160.50 privilege by commencing two civil proceedings—(1) the PBA's aforementioned filing of a grievance alleging an improper labor practice on the part of the City and (2) respondent's commencement of a CPLR article 78 proceeding against petitioners seeking legal fees for his defense in the underlying criminal action.

Initially, we note that the improper practice charge was commenced by the PBA, rather than respondent, and that it was filed seven months prior to the sealing of the records in the criminal case against respondent. Moreover, the status of both of the cited civil matters and the issues that remain in dispute therein are not clear from the record before us on this appeal. Given the absence of detail in the record regarding the civil matters, we are unable to determine whether respondent is attempting to use his privilege " 'as a sword to gain an advantage in a civil action,' " as alleged (*Green v Montgomery, supra* at 701, quoting *Taylor v New York City Tr. Auth.*, 131 AD2d 460, 462 [1987]). Indeed, in their brief on appeal, petitioners do not assert that the records are necessary to defend themselves in either of the civil matters; rather, they maintain that the records must be unsealed in connection with the pending disciplinary

charges brought *by petitioners* to accomplish "the ends of protecting the public through investigation and possible discipline of a police officer." Under these circumstances, we cannot say that respondent waived the privilege, justifying release of the records in connection with the disciplinary proceeding (*see Matter of Scott D.*, 13 AD3d 622, 623 [2004]).\*

We agree with petitioners, however, that certain records requested by them do not fall within the ambit of CPL 160.50 and, thus, should have been released. In particular, petitioners seek to unseal property tags, bags and logs showing the chain of custody of money surrendered by other defendants arrested by respondent, as well as other records generated in those investigations. As noted above, CPL 160.50 (1) (c) requires the sealing of "all official records and papers . . . relating to the arrest or prosecution" of an accused. Beyond specifying that judgments and orders of a court constitute official records and papers, the statute does not otherwise define the nature of such "official" material, and the Court of Appeals has held that "bright line rules are not . . . appropriate in this area" (*Matter of Harper v Angiolillo*, 89 NY2d 761, 766 [1997]). Here, the requested materials were generated in petitioners' regular course of business, rather than in connection with the prosecution of the criminal proceeding against respondent, and are innocuous on their face with respect to respondent. Thus, those records are not subject to the CPL 160.50 seal (*see People v McGurk*, 229 AD2d 895, 896 [1996]). In our view, although the records may implicate other defendants, their release does not offend the well-established purposes of CPL 160.50 of ensuring confidentiality and protection from the potential public stigma associated with a criminal prosecution (*see id.* at 895-896).

Finally, inasmuch as petitioners failed to demonstrate " 'a compelling and particularized need for access' " to grand jury materials in the underlying criminal proceeding, Supreme Court properly denied their motion for disclosure of those materials (*People v Fetcho*, 91 NY2d 765, 769 [1998], quoting *Matter of District Attorney of Suffolk County*, 58 NY2d 436, 444 [1983]; *see Matter of Lustberg v Curry*, 235 AD2d 615, 616 [1997]). Petitioners' remaining arguments have been considered and found to be lacking in merit.

---

\* Our decision in this regard should not be taken as a holding that petitioners are barred from moving in the CPLR article 78 proceeding or in connection with the improper practice charge to unseal respondent's criminal records if he affirmatively places the subject matter of those records at issue in those matters (*see generally Wright v Snow, supra* at 452). Nor do we hold that exclusion of the records would be necessary in the pending disciplinary proceeding if petitioners were to succeed in obtaining the sealed records in another proceeding (*see Matter of Charles Q. v Constantine*, 85 NY2d 571, 575 [1995]; *see also People v Patterson*, 78 NY2d 711, 713 [1991]).

Spain, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied petitioners' application to unseal preexisting documents generated in petitioners' regular course of business during its investigation of other defendants, rather than in connection with the prosecution of the criminal proceeding against respondent; application granted to that extent; and, as so modified, affirmed. [As amended by unpublished order entered July 23, 2007.]