COUNTY LAW §§ 193, 400(1), 400(2), 400(3-a), 400(3-b), 400(4-a), 400(4-b), 671(1), 671(1)(b), 673, 673(2), 674(2), 674(3)(a), 674(4), 677(4)

The positions of elected county coroner and chief investigator for the district attorney are not compatible.

December 12, 2016

Robert J. Fitzsimmons                                        Informal Opinion
County Attorney                                              No. 2016-4
Columbia County
401 State Street, Suite 2B
Hudson, NY 12534

Dear Mr. Fitzsimmons:

You have requested an opinion as to whether the district attorney for the county can employ one of the four elected county coroners as chief investigator. Your question in essence is whether the positions of elected county coroner and chief investigator are compatible. As explained below, we are of the opinion that they are not.

You have provided a job description that states that the position of chief investigator in the district attorney's office functions under the personal direction of the district attorney. In addition, the chief investigator acts as the district attorney's personal representative at the scene of a crime.

The County Law provides, as a general matter, that each county must have, for the purpose of investigating certain enumerated types of deaths, either an elected coroner (or coroners) or a medical examiner appointed by the county legislature. County Law § 400(1),(2),(4-a). A medical examiner must be a physician licensed in New York. *Id.* § 400(4-a). A coroner must either be a physician licensed in New York, or be assisted in specified respects by a "coroner's physician," who must be a physician licensed in New York, *see* County Law § 400(4-b); *id.* § 671(1); *see also* 1962 Op. Att'y Gen. (Inf.) 176 (board of supervisors must appoint duly licensed physician if coroner is not so licensed), appointed by the county legislature. *Id.* §§ 400(4-b), 673(2).

The coroner, assisted where necessary by the coroner's physician, or the medical examiner, investigates every death within the County that is or appears to be (1) a violent death, whether by criminal violence, suicide, or casualty; (2) a death caused by unlawful act or criminal neglect; (3) a death occurring in a suspicious, unusual or unexplained manner; (4) a death caused by a suspected criminal abortion; (5) a death while unattended by a physician, so far as can be discovered, or where no physician able to certify the cause of death can be found; and (6) a death of a person confined in a public institution other than a hospital, infirmary, or nursing home. County Law § 673. The coroner, assisted where necessary by the coroner's physician, or the medical examiner also investigates all deaths of inmates of correctional

facilities within the County, whether or not the death occurred inside the facility. *Id.* § 671(1)(b).

Upon taking charge of the body of a deceased person, the coroner, the coroner and the coroner's physician, or the medical examiner must "fully investigate the essential facts concerning the death." County Law § 674(2). The investigation must include steps to ascertain any facts the district attorney, sheriff, chief of police, or superintendent of the State Police requests in writing. *Id.* § 674(3)(a). Furthermore, a coroner, a coroner and coroner's physician, and a medical examiner are empowered to subpoena and examine witnesses under oath in the same manner as a magistrate in holding a court of special sessions. *Id.* § 674(4). And, when, in the opinion of the coroner, the coroner's physician, the medical examiner, or other doctor performing the autopsy, there is an indication that a crime was committed, the coroner or doctor must deliver to the district attorney copies of the records relating to the death. *Id.* § 677(4).

This statutory scheme demonstrates that the elective office of coroner, with its responsibility to render an impartial determination of the cause of death, has a role independent of and distinct from those of law enforcement officers. The Court of Appeals, considering the duties of the medical examiner, which are by statute identical to those of a coroner or a coroner and coroner's physician, has found "that the duties of the [medical examiner] are, by law, independent of and not subject to the control of the office of the prosecutor, and that [the medical examiner] is not a law enforcement agency." *People v. Washington*, 86 N.Y.2d 189, 192 (1995). "Moreover, Medical Examiners have no authority to gather evidence with an eye toward prosecuting a perpetrator." *Id.* at 193. *See also Scheufler v. Bruno*, 250 A.D.2d 268, 270-71 (3d Dep't 1999) (medical examiner does not act under direction and control of district attorney and investigation is not part of criminal proceeding); Op. Att'y Gen. (Inf.) No. 87-30 (coroner must perform duties independently and thus coroner may not also serve as town police officer). And it is this independence that, in our opinion, renders the office of coroner fundamentally incompatible with the position in the district attorney's office that you have described. The coroner's independence and impartiality would erode or would appear to erode if the coroner also held a position in the district attorney's office that answered directly to the county's chief law enforcement officer. At the scene of a death potentially caused by a criminal act, it would be unclear whether the coroner was acting in his capacity of coroner or of chief investigator for the district attorney. A witness to the death who could provide valuable information to the coroner might be wary of providing the same information to the chief investigator for the county prosecutor. And in the course of the coroner's investigation into the cause of death, the coroner's consideration of the circumstances surrounding the death would be colored by his responsibilities as chief investigator to the district attorney. We therefore are of the opinion that a coroner cannot also

serve as the chief investigator to the district attorney as you have described that position.

You have cited two opinions that suggest that the duties of district attorney and of coroner—and presumably, by extension, those of an investigator for the district attorney and of coroner—may be combined.  First, in Op. Att'y Gen. (Inf.) No. 89-27, we recognized that, by state law, the powers and responsibilities of coroner in Madison County were granted to the district attorney.  Similarly, the Legislature transferred the powers and duties of the Lewis County coroner to that county's district attorney.  *See* County Law § 400(3-a).  However, potential conflicts between the duties of the positions rendering the positions incompatible were noted in the legislative history to the statutes authorizing the combination.   Letter to John G. McGoldrick, Counsel to the Governor, from Edward V. Regan, State Comptroller (Jul. 16, 1982), *reprinted in* Bill Jacket for ch. 759 (1982); Letter from Francis S. McGarvey, Superintendent of Div. of State Police, to Roswell B. Perkins, Counsel to the Governor (Feb. 26, 1959), *reprinted in* Bill Jacket for ch. 536 (1959), at 12; Letter from Alfred W. Haight, Counsel to the Comptroller, to Roswell B. Perkins, Counsel to the Governor (Apr. 3, 1959), *reprinted in* Bill Jacket for ch. 536 (1959), at 15.  Moreover, the Legislature prohibited other counties from using their home rule authority to similarly combine the responsibilities to be exercised by a single person, s*ee* County Law § 400(3-a), (3-b).  The Legislature thereby indicated that the combining of the functions of the offices was not a determination to be made locally.

Second, in Op. Att'y Gen. (Inf.) No. 81-27, we seemed to suggest that a part-time district attorney could also be employed as a medical examiner's investigator.  But our focus in that opinion was on whether the district attorney could receive additional pay for his work as investigator.  Notably, we did not compare the responsibilities of the two positions to determine whether they were compatible.  And in any event, that opinion preceded the Court of Appeals' unequivocal statement in *People v. Washington* as to the independence of the medical examiner's function, equally applicable to a coroner's function.

The Attorney General issues formal opinions only to officers and departments of state government.  Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.

Very truly yours,


KATHRYN SHEINGOLD
Assistant Solicitor General
  in Charge of Opinions