Prag v Prag (2018 NY Slip Op 03414)





Prag v Prag


2018 NY Slip Op 03414


Decided on May 10, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 10, 2018

525677

[*1]ALANNA PRAG, Appellant,
v
MAHENDRA PRAG, Respondent.

Calendar Date: April 27, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


Copps, DiPaola & Silverman, PLLC, Albany (Joseph R. Williams of counsel), for appellant.
Gordon, Tepper & DeCoursey, Glenville (Jennifer P. Rutkey of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Burke, J.), entered October 11, 2017 in Schenectady County, which denied plaintiff's motion to unseal the record of certain criminal proceedings.
Plaintiff (hereinafter the wife) and defendant (hereinafter the husband) are the married parents of two children (born in 2012 and 2015). The wife commenced this divorce action and filed a family offense petition in which she alleged that the husband had committed domestic violence and abuse including, but not limited to, a December 2015 assault that ended with him facing criminal charges. The husband, in his answer, custody petition and elsewhere, denied the wife's allegations and observed that the charges stemming from the December 2015 incident were
dismissed. The wife thereafter sought judicial subpoenas for, among other things, the criminal records related to the December 2015 incident. The husband objected and noted that the records are sealed pursuant to CPL 160.50, prompting the wife to move to unseal them. Supreme Court denied the wife's motion, and she now appeals.[FN1]
By "provid[ing] for the sealing of records in a criminal proceeding which terminates in [*2]favor of the accused" (Matter of Burr v Goord, 283 AD2d 891, 892 [2001], lv dismissed 97 NY2d 736 [2002]), CPL 160.50 "serves the laudable goal of insuring that one who is charged but not convicted of an offense suffers no stigma as a result of his [or her] having once been the object of an unsustained accusation" (Matter of Hynes v Karassik, 47 NY2d 659, 662 [1979]; see Matter of Katherine B. v Cataldo, 5 NY3d 196, 202 [2005]). It is undisputed that the charges against the husband related to the December 2015 incident were "deemed dismissed as a result of an adjournment in contemplation of dismissal and, therefore, the records of that criminal prosecution were sealed" (Matter of Tina X. v John X., 138 AD3d 1258, 1261 [2016]; see CPL 160.50, 170.55). The wife does not claim that any statutory exception entitles her to the records. Her primary contention is instead that the husband, by denying the alleged behavior that led to the charges, waived the statutory bulwark against disclosure by "commenc[ing] a civil action and affirmatively plac[ing] the information protected by CPL 160.50 into issue" (Wright v Snow, 175 AD2d 451, 452 [1991], lv dismissed 79 NY2d 822 [1991]; see Green v Montgomery, 95 NY2d 693, 701 [2001] Matter of City of Elmira v Doe, 39 AD3d 942, 944 [2007], affd 11 NY3d 799 [2008]).
The wife's argument founders upon the fact that it was she, not the husband, who has "place[d] in issue elements that are common or related to the prior criminal action" by alleging the husband's assaultive conduct (Matter of Abrams v Skolnik, 185 AD2d 407, 408-409 [1992]). The husband, in contrast, has only denied the wife's allegations and sought various relief upon, in part, the premise that they are untrue. There may well be instances where a defendant affirmatively raises issues, be they financial or otherwise, so as to waive the protections afforded by CPL 160.50, but "more than simply deny[ing] the allegations in the complaint" is required (Dillenbeck v Hess, 73 NY2d 278, 288 [1989]; see Green v Montgomery, 95 NY2d at 700)[FN2]. Denials are what the husband has made here and, as a result, he has not employed the protection of CPL 160.50 "as a sword to thwart the [wife] in [her] efforts to uncover facts critical to disputing" a claim advanced by him (Dillenbeck v Hess, 73 NY2d at 287; see Matter of Scott D., 13 AD3d 622, 623 [2004]; Wilson v City of New York, 240 AD2d 266, 268 [1997]; Taylor v New York City Tr. Auth., 131 AD2d 460, 462 [1987]). Supreme Court properly concluded, as a result, that the husband did not waive that protection.
As a final matter, the wife cannot invoke the inherent authority of the courts to unseal criminal records in the interest of justice, as that authority is confined to attorney disciplinary matters (see Matter of Katherine B. v Cataldo, 5 NY3d at 202-203; Matter of City of Elmira v Doe, 39 AD3d at 944). The wife is, in any event, capable of testifying to the husband's alleged assaultive conduct, and the records do not need to be "unsealed in order to serve fairness and justice" (Matter of Hynes v Karassik, 47 NY2d at 664).
McCarthy, J.P., Egan Jr., Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: This Court stayed the scheduled trial pending the outcome of the wife's appeal (2017 NY Slip Op 92549[U] [2017]).

Footnote 2: The husband did counterclaim for divorce on the ground that the parties' relationship had "broken down irretrievably for a period of at least six months" (Domestic Relations Law § 170 [7]), but that ground does not require a determination as to the veracity of the wife's allegations of assault or, for that matter, a showing of fault at all (cf. Commercial Union Ins. Co. v Jones, 216 AD2d 967, 967-968 [1995]).