enactment which affirmatively grants the Thruway Authority permission to issue bonds and notes, but only the portion thereof which contains the financing plan, undoubtedly the challenged laws are inextricably bound to the bond issuance legislation and are a necessary consequence thereof (i.e., the method and manner of financing and repaying a bond issue is a necessary prerequisite to its successful accomplishment). As we recently recognized in *Matter of Schulz v State of New York* (180 AD2d 42), challenges to such singular aspects of the overall bonding process fall within the exclusionary language of State Finance Law § 123-b (1) which precludes taxpayer standing to challenge "the authorization, sale, execution or delivery of a bond issue or notes issued in anticipation thereof" *(see, New York State Coalition for Criminal Justice v Coughlin,* 103 AD2d 40, *affd* 64 NY2d 660; *see also, Wein v Comptroller of State of N. Y.,* 46 NY2d 394). For the same reasons outlined in *Matter of Schulz v State of New York (supra),* plaintiffs cannot predicate standing upon their status as voters or upon common-law principles.

Levine, J. P., Mercure and Casey, JJ., concur. Ordered that the order is reversed, on the law, without costs, motions granted and complaint dismissed. *[See, Matter of Schulz v State of New York,* 152 Misc 2d 589.]

■ In the Matter of the Claim of TODD A. WEIGAND, Appellant. ELBRIDGE TRUE VALUE HARDWARE, Respondent; JOHN F. HUDACS, as Commissioner of Labor, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 28, 1991, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he lost his employment as a result of an act constituting a felony in connection with such employment.

We affirm the decision of the Unemployment Insurance Appeal Board which disqualified claimant from receiving unemployment insurance benefits because he had "signed a statement admitting" that he had committed "a felony in connection with [his] employment" (Labor Law § 593 [4]). Claimant had been charged with two misdemeanors stemming from the theft of merchandise and cash from his employer. The case was adjourned in contemplation of dismissal and ultimately dismissed. Before that happened, however, claimant signed a sworn statement admitting that he began stealing merchandise from his employer in January 1989 and continued to do so until his termination. He also admitted that in the summer of 1989 he started making false returns

on the cash register and keeping the money, and that he did this "numerous times each month"; he acknowledged misappropriating at least $3,000 in this manner. The Board noted that larceny of $1,000 is a felony in this State (see, Penal Law § 155.30 [1]) and that, while in this instance no single theft amounted to that sum, claimant "clearly operated with a single intent and scheme to deprive the employer of his property over a period of months". Claimant contends that there was no common scheme and that he was only engaged in a series of separate and impulsive undertakings (see, People v Cox, 286 NY 137, 142). This, however, was a question of fact for the Board to resolve (see, Matter of Chassman [Levine], 50 AD2d 1000), and as this is not a criminal case the Board's findings need only be supported by substantial evidence, which they were (see, Matter of Gill [New York Tel. Co.—Ross], 78 AD2d 749).

We also reject claimant's contention that because the records of the criminal proceeding had been sealed pursuant to CPL 160.50 it was improper for the Board to have considered his statement. When an individual commences a civil action and affirmatively places the information protected by that statute in issue, the confidentiality privilege is waived (see, Wright v Snow, 175 AD2d 451, lv dismissed 79 NY2d 822). The same result obtains here. By applying for benefits, claimant placed in issue the question of whether he had committed a felony in connection with his employment.

Yesawich Jr., J. P., Levine, Crew III, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.

■ WALTER DUFEL et al., Appellants, v STATE OF NEW YORK, NEW YORK STATE THRUWAY AUTHORITY, Respondent.—Appeal from an order of the Court of Claims (Corbett, Jr., J.), entered June 3, 1991, which denied claimants' motion for an extension of time to file an appraisal.

We reject claimants' contention that the Court of Claims abused its discretion in denying their request to extend the time to file an appraisal. Initially, we note that insofar as claimants' request was not made until the time period for filing an appraisal had expired, they were required to show "unusual and substantial circumstances" to warrant the court's exercise of its discretion in granting such a request (22 NYCRR 206.21 [g] [3]). This they failed to do. The filing date had already been extended twice, the first time at the State's request and the second time by stipulation of both sides pursuant to 22 NYCRR 206.21 (g) (2). Although the last