◼ JODIE M. UMANSKY, Respondent, v MASTERPIECE INTERNATIONAL LIMITED et al., Appellants. [715 NYS2d 638] —In an action, *inter alia*, to recover damages for discrimination on the basis of disability in violation of Executive Law § 296 and the Administrative Code of the City of New York § 8-107, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated January 10, 2000, as granted the plaintiff's motion for reargument of that branch of the defendants' prior motion

which was to strike her demand for punitive damages, and upon reargument, denied that branch of the defendants' prior motion.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Administrative Code of the City of New York clearly states that a person claiming to be aggrieved by an unlawful discriminatory practice, which includes discharging an employee because of a disability, can bring a cause of action alleging unlawful discrimination with punitive damages as a remedy (see, Administrative Code § 8-502). Even though the Court of Appeals has determined that such recovery is not available under the New York State Human Rights Laws (see, *Thoreson v Penthouse Intl.*, 80 NY2d 490), a city still retains the authority to give a plaintiff the ability to bring a cause of action alleging unlawful discrimination with punitive damages as a remedy (see, *Hirschfeld v Institutional Investor*, 208 AD2d 380; *Bracker v Cohen*, 204 AD2d 115). The Administrative Code does not set forth the proof that is necessary for a plaintiff to recover punitive damages. However, when local civil rights laws are silent with regard to legal standards, the courts tend to follow the guidelines established under Federal law (see, *Ferrante v American Lung Assn.*, 90 NY2d 623).

To recover punitive damages under the Americans with Disabilities Act, a plaintiff must demonstrate that the defendant engaged in a discriminatory practice with malice or reckless indifference to the Federally-protected rights of an aggrieved individual (see, 42 USC § 1981a [b] [1]). Malice or reckless indifference has been defined by the United States Supreme Court as pertaining to the employer's knowledge that it may be acting in violation of Federal law, not its awareness that it is engaging in discrimination (see, *Kolstad v American Dental Assn.*, 527 US 526). In applying this standard, the plaintiff offered evidence that raised a question of fact as to whether the defendants deliberately discharged her knowing that such discharge was in violation of City law (see, *Kolstad v American Dental Assn., supra*; *Connolly v Bidermann Indus. U.S.A.*, 56 F Supp 2d 360). Thus, the Supreme Court properly reinstated the plaintiff's claim for punitive damages. Bracken, J. P., Santucci, Thompson and Sullivan, JJ., concur.