OPINION OF THE COURT
Herman Cahn, J.
Defendants 400 Owners Corp. (Owners Corp.), Harold Spitzer, Sam Friedman, Lewis Clayton, Mary Gherty, Larry Timmons, Gloria Appeal and Gerald Cohen move, pursuant to CPLR 3211, for an order dismissing the complaint by reason of lack of standing and failure to state a cause of action.
Owners Corp. is a cooperative corporation in which plaintiff, Sharon Axelrod, is a shareholder. The individual defendants are members of its board of directors. Axelrod alleges that when she sought to sell her apartment, i.e., the underlying shares, etc., defendants improperly refused to approve two prospective purchasers, before finally consenting to a sale to a third person.
In July 1998, Axelrod entered into a contract to sell the apartment to Richard Kassel and Penny Venetis for $435,000. She alleges that the defendant directors rejected the prospective purchasers because they were a married couple in their thirties and were of child-bearing age (i.e., likely to have children in the foreseeable future). In December 1998, Axelrod’s broker found another married couple interested in buying the apartment. In an informal interview with the board, the broker was advised that the prospective purchasers would not be approved, as a result of which the parties did not go to contract.
In February 1999, the broker secured several additional prospective purchasers. The Rigbys, a married couple, offered $435,000 and the other, John McCusker, offered $455,000. Axelrod then entered into a contract with McCusker, who was *463 in his early thirties and was about to be married. The board of directors, however, rejected McCusker as a purchaser.
In October 1999, Axelrod entered into a contract of sale with Martine Shen, a 59-year-old divorced woman with no minor children. The price was $455,000. This time, the board approved the sale.
In evaluating a motion to dismiss, the court assumes the allegations of the complaint to be true and liberally construes the complaint in plaintiffs favor (Bansbach v Zinn, 258 AD2d 710 [3d Dept 1999]).
The first cause of action alleges that defendant Harold Spitzer, the board president, breached a fiduciary duty owed to plaintiff, in that his position regarding the suitability of prospective purchasers was motivated by his own interest. Specifically, it is claimed that Spitzer, whose own apartment was on the same floor as that of plaintiff, thought it was in his interest to keep his floor “quiet” and free of children. In addition, plaintiff states that Spitzer had a business relationship with the real estate broker involved in the proposed sale to Ms. Shen (i.e., the broker stood to gain a commission if the sale went through) and brought about the approval of the sale in order to enhance that business relationship.
Plaintiff alleges that as a result of the alleged wrongful conduct, she was delayed for 18 months in transferring her apartment which caused her to incur additional monthly maintenance charges. Furthermore, it made the apartment marketable to only a small percentage of potential buyers.
In response to plaintiffs allegations, Spitzer submits an affidavit in which he strongly denies any intent to discriminate against prospective purchasers who have children, and points out that many building residents have children. Moreover, Spitzer, who is an architect, states that he designed a children’s playroom as a “gift” to building residents. Spitzer’s claims may ultimately prove to be valid, but at this pleading stage the court must accept plaintiffs pleaded version of the facts.
The second cause of action alleges that other members of the board improperly deferred to Spitzer regarding the approval or rejection of prospective purchasers of plaintiffs apartment, and failed to exercise their independent judgment in deciding whether or not to approve prospective purchasers. The third cause of action alleges that the board breached an implied obligation of good faith and fair dealing.
Members of a board of directors who act in good faith and in the honest exercise of business judgment are protected by the *464 business judgment rule (Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530 [1990]). The business judgment rule has been applied to cooperative sales (Woo v Irving Tenants Corp., 276 AD2d 380 [1st Dept 2000]). However, the rule does not apply where the directors acted in bad faith or were motivated by factors other than the interest of the cooperative corporation (Woo v Irving Tenants Corp., supra). Moreover, the rule does not protect the board from liability for discrimination (Jones v Surrey Coop. Apts., 263 AD2d 33 [1st Dept 1999] [board action upheld in the absence of bad faith or discrimination]).
A cooperative board of directors has a duty to treat shareholders in a fair and impartial manner (see Bernheim v 136 E. 64th St. Corp., 128 AD2d 434 [1st Dept 1987] [board member used his veto power on stock sales as a device to compel a shareholder to sell the shares to him]).
The above cases indicate that the power of a cooperative board of directors to reject purchasers is not unlimited. If plaintiff can prove that in accepting or rejecting proposed purchasers, Spitzer and the other board members were motivated by concerns other than the best interest of the cooperative, and that she has been damaged by that conduct, then plaintiff would have, a right of recovery.
Although the courts have generally given great deference to the decision of a cooperative corporation’s board of directors, that deference is not, and should not be, unlimited. Thus, when the directors act in a manner which is contrary to their duty to act fairly and impartially, courts will review claims of such misconduct. The conduct alleged in the complaint, would, if proven, be actionable. To prevent a plaintiff from having her day in court to prove such allegations, would effectively insulate a cooperative’s board from review of its actions. Even cooperative boards of directors are, and indeed must be, accountable for their actions.
Defendants maintain that plaintiff sustained no damages by reason of their acts, in that the board approved a sale of the apartment to Shen for $455,000, the same price as that of the rejected McCusker sale and greater than the price called for by the rejected Kassel sale. In response, plaintiff maintains that the apartment was worth close to $600,000, and seeks to recover “lost profits.” Since plaintiff has not alleged that defendants improperly rejected a specific sale in that amount, she cannot recover the claimed lost profits. However, even though defendants approved the Shen sale, plaintiff may still *465 have sustained cognizable damages — the fact that she was compelled to continue paying maintenance between the time of rejection of the Kassel purchase and the approval of the Shen purchase, and the loss of interest that she would have received on the proceeds of the sale had one of the prior prospective purchases been approved by the board. Moreover, if defendants’ breach of fiduciary duty is found to be sufficiently egregious, punitive damages may be recoverable (Buchwald & Assocs. v Rich, 281 AD2d 329 [1st Dept 2001]). In light of the above, the court denies the motion to dismiss as to the first and third causes of action.
The fourth cause of action alleges that defendants’ action constituted discrimination on the basis of age and familial status, in violation of the Executive Law and the Administrative Code of the City of New York. Executive Law § 296 (5) prohibits discrimination on the basis of age and familial status. Executive Law § 292 (26) states that “familial status” means a person who is pregnant or has a child or is in the process of obtaining legal custody of a child (e.g., adoption). Since none of the rejected purchasers had children at the time of the rejection, they apparently were not protected from discrimination on the basis of familial status. However, if plaintiff can prove that defendants rejected all relatively young applicants because it was anticipated that these people would have children, then she might have a viable claim for age discrimination under the Executive Law. Moreover, Administrative Code § 8-107 (5) (a) (1) prohibits a cooperative board of directors from refusing to approve a sale “because children are, may be or would be residing” (emphasis added) with the applicant. To the extent that the plaintiff charges defendants with having improperly rejected young married persons or engaged persons who were likely to have children in the foreseeable future, she has pleaded a viable cause of action.
Defendants maintain that Axelrod lacks standing to assert a discrimination claim in that the allegedly improper actions were directed not at her but at prospective purchasers who were of child-bearing age. However, several cases have allowed claims by persons who were not themselves members of the protected class but who were personally affected, albeit indirectly, by virtue of the alleged discrimination. In Bernstein v 1995 Assocs. (185 AD2d 160 [1st Dept 1992]), the Court sustained a complaint by a physician who alleged that a landlord refused to renew his office lease because, among other things, one of his subtenants was treating AIDS patients. In *466 Dunn v Fishbein (123 AD2d 659 [2d Dept 1986]), the Court permitted a Caucasian person to maintain a claim that he was denied an apartment because his roommate was African-American. If plaintiff can show that she was adversely affected by reason of discrimination perpetrated against the prospective purchasers, she has a cognizable claim for discrimination. Moreover, although punitive damages are not recoverable under the Executive Law, they are available under section 8-502 of the Administrative Code (Umansky v Masterpiece Intl., 276 AD2d 692 [2d Dept 2000]). In light of the above, the fourth cause of action is not dismissed.
The fifth cause of action, which seeks attorneys’ fees, must be dismissed,, inasmuch as plaintiff has not shown a legal basis for such fees. However, such dismissal is without prejudice to plaintiff’s right, if any, to recover attorneys’ fees under the anti-discrimination laws.
Accordingly, it is ordered that the motion is granted only to the extent that the second and fifth causes of action are dismissed; and it is further ordered that such dismissal is without prejudice to plaintiffs assertion of rights, if any, to attorneys’ fees under the statutes described in the fourth cause of action.