*269 OPINION OF THE COURT
Michael D. Stallman, J.
In this employment discrimination action, plaintiff Darlene Johnson alleges that defendant Association for the Advancement of the Blind and Retarded discriminated against her based on her alleged criminal history, in violation of the State’s and City’s Human Rights Laws, and Correction Law § 752. Defendant moves for an order compelling plaintiff to provide defendant with duly executed authorizations to unseal and copy all sealed records of any criminal arrest or criminal prosecution, and to provide certain documents demanded in defendant’s request for documents dated April 6, 2007, to which plaintiff objected.
Background
Defendant offers people with developmental disabilities and autism and their families a wide range of services, including, among other things, residential services. Plaintiff applied for a job with defendant around August 2005, and in early November defendant extended a job offer to plaintiff as an assistant resident manager at defendant’s Cromwell Avenue location, subject to a background check. On her application, plaintiff answered “No” to the question, “Have you ever been convicted of a crime?” Defendant claims that, during an interview on October 24, 2005, plaintiff was asked whether she had ever been arrested, convicted or had any charges pending against her. Plaintiff allegedly stated that she had never been arrested, had no convictions, and had no pending charges.
By state law defendant is required to conduct a review of the criminal history of prospective employees or volunteers, or persons over the age of 18 residing in a family care home (except a person receiving family care services) “who will have regular and substantial unsupervised or unrestricted physical contact with the clients.” (Mental Hygiene Law § 16.33 [a]; § 31.35 [a]; 14 NYCRR 633.5.) Defendant requested a criminal history record check for plaintiff from the Office of Mental Retardation and Development Disabilities (OMRDD).
The background check revealed that, two months prior to her employment with defendant, plaintiff had been arrested and charged with a class B felony of intent to sell drugs, as well as a class A misdemeanor for possessing drugs and drug paraphernalia. On December 8, 2005, plaintiff pleaded guilty to disorderly conduct and was given a one-year conditional discharge.
*270 Defendant terminated plaintiffs employment, claiming that plaintiff had made false statements to defendant during her employment interview. Plaintiff contends that defendant did not forward to OMRDD the information about plaintiffs guilty plea to a violation and conditional discharge.
Plaintiff commenced this action on February 7, 2007. Plaintiff claims that defendant discriminated against her perceived criminal history, in violation of the State and City Human Rights Laws (Executive Law § 296 [15]; Administrative Code of City of NY § 8-107 [10] [a]) and article 23-A of the Correction Law. She seeks reinstatement, back pay from February 2006 to the present, damages, and attorneys fees.
Defendant served a request for documents dated April 6, 2007, which demanded, in relevant part, documents that describe, evidence or refer to any criminal charge(s) or pending charge(s) against plaintiff since 2004, or documents describing or evidencing communications with the New York City Police Department or District Attorney’s Office concerning such criminal charges or pending charges. Defendant also demanded all documents related to plaintiff’s September 7, 2005 arrest and disposition there, including any certificate of disposition and certificate of release from disabilities. Plaintiff objected to these requests, to the extent that they called for production of documents and information sealed pursuant to Criminal Procedure Law § 160.55. Plaintiff also objected to the demands as unnecessary for the prosecution or defense of the action, and as causing unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice.
The request also demanded documents concerning any lawsuit or administrative action that plaintiff has brought or participated in since 2003, and any and all documents reflecting any bankruptcy or court order against plaintiff. Plaintiff objected to these demands on the ground that the documents sought were not necessary to the prosecution or defense to the action, and would also cause unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice.
Defendant now moves to compel plaintiff to respond to its document demands, and to compel plaintiff to provide authorizations to unseal and copy all sealed records of any criminal arrest or criminal prosecution.
Discussion
Defendant contends that it is entitled to delve into plaintiffs criminal history to find any other evidence justifying plaintiff s *271 termination, in addition to the reason that plaintiff had made false statements about her criminal history during the job interview. Plaintiff argues that criminal records sealed pursuant to CPL 160.55 are privileged from discovery, and that the documents are neither material nor necessary to this action because they were not available to defendant when it decided to terminate plaintiff, nor would they be admissible at trial.
L
The discovery sought is material and necessary to the defendant’s tenth affirmative defense, that the employment decisions would have been taken for legitimate, nondiscriminatory reasons. (Parker affirmation, exhibit B.) As defendant indicates, in McKennon v Nashville Banner Publishing Co. (513 US 352 [1995]), the United States Supreme Court held that the employer may use “after-acquired evidence,” i.e., evidence that, if known at the time of termination, would have provided the employer with additional basis for terminating an employee, as a defense to reinstatement and back pay in a discrimination suit.
“Once an employer learns about employee wrongdoing that would lead to a legitimate discharge, we cannot require the employer to ignore the information, even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit.” (Id. at 362; see also 10 Ellicott Sq. Ct. Corp. v National Labor Relations Bd., 104 F3d 354 [2d Cir 1996].)
“Although McKennon involved a claim under the ADEA, its rationale is applicable to Title VII.” (Vichare v AMBAC Inc., 106 F3d 457, 468 [2d Cir 1996].) The standards for recovery under New York State’s and City’s Human Rights Laws are in accord with federal standards under title VII of the Civil Rights Act of 1964. (Ferrante v American Lung Assn., 90 NY2d 623, 629 [1997]; Umansky v Masterpiece Intl., 276 AD2d 692, 693 [2d Dept 2000].) Thus, courts have applied McKennon to discrimination claims under New York law. (See Reinach v Wisehart, 209 AD2d 332 [1st Dept 1994] [after-acquired evidence of resume fraud did not defeat claim of religious discrimination].)
“ ‘[P]retrial disclosure extends not only to admissible proof but also to testimony or documents which may lead to the disclosure of admissible proof,’ including material which might *272 be used in cross-examination.” (Polygram Holding, Inc. v Cafaro, 42 AD3d 339, 341 [1st Dept 2007] [citation omitted].) As defendant indicates, plaintiffs credibility appears central. Defendant maintains that plaintiff was terminated for misrepresenting at her interview whether she had been arrested, or had been convicted, or had pending criminal charges against her. (Keegan affirmation 1ÍH 3-4.) A history of arrests, convictions, or pending criminal charges at the time of plaintiffs interview arguably might show that plaintiffs misstatement was intentional, rather than inadvertent.
In a surreply, plaintiff argues that a recent amendment to Executive Law § 296 (16) bars defendant’s discovery of any after-acquired evidence. In 2007, the Legislature amended Executive Law § 296 (16) to prohibit, unless specifically required or permitted by statute,
“any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in [CPL 160.50 (2)][1] . . . or by a conviction for a violation sealed pursuant to [CPL 160.55] in connection with the licensing [or] employment . . . [of] such individual.” (L 2007, ch 639, §1.)
The statute also provides for exceptions which are not applicable here. Plaintiff argues that the effect of this amendment is to bar discovery into sealed criminal records or to act adversely upon sealed convictions for violations on the question of reinstatement and back pay, because these would not be factors that an employer could legitimately consider when hiring an employee. Because plaintiff pleaded guilty to disorderly conduct, a violation, plaintiff maintains that Executive Law § 296 (16) bars defendant from acting upon information related to that violation.
Plaintiffs arguments are unpersuasive. By statute, defendant is mandated to inquire into plaintiffs criminal history, and the use of such information is governed by Executive Law § 845-b. (Mental Hygiene Law §§ 16.33, 31.35; 14 NYCRR 633.5.) Thus, the recent amendment to Executive Law § 296 (16) does not bar *273 defendant from inquiring into plaintiffs criminal history. Although Executive Law § 296 (16) does not permit defendant “to act upon adversely” to plaintiff regarding a pending charge followed by a conviction for a violation, “it [is] permissible to consider the independent evidence of the conduct leading to the criminal charges” (Matter of Skyline Inn Corp. v New York State Liq. Auth., 44 NY2d 695, 696 [1978] [interpreting Executive Law § 296 (14), which has similar “act upon adversely” language]; Matter of New York State Dept. of Mental Hygiene v State Div. of Human Rights, 103 AD2d 546, 549 [2d Dept 1984], affd 66 NY2d 752 [1985]). Material in the sealed criminal records may lead to relevant evidence, independent of the fact of the conviction itself. (See Matter of Weigand [Elbridge True Value Hardware — Hudacs], 187 AD2d 791 [3d Dept 1992] [Claimant was charged with two misdemeanors stemming from theft of cash and merchandise, and charges were adjourned in contemplation of dismissal and dismissed. Unemployment Insurance Board properly considered signed statement contained in sealed records that employee had been stealing from his employer up until his termination and making false returns on the cash register].)
“The scope of disclosure provided by CPLR 3101 is generous, broad, and is to be construed liberally.” (Mann v Cooper Tire Co., 33 AD3d 24, 29 [1st Dept 2006].) It is premature to determine whether defendant may offer the information acquired during discovery as after-acquired evidence. Neither does the court opine on the admissibility of any information obtained from plaintiffs sealed criminal records.
IL
CPL 160.50 “creates a statutory privilege intended to ensure confidentiality and protect an individual from the potential stigma resulting from a criminal matter.” (Wright v Snow, 175 AD2d 451, 452 [3d Dept 1991].) “Where, however, an individual affirmatively places the underlying conduct at issue by bringing a civil suit, the courts have consistently held that the statutory protection is waived.” (Green v Montgomery, 95 NY2d 693, 701 [2001]; Rodriguez v Ford Motor Co., 301 AD2d 372 [1st Dept 2003].) This also applies to CPL 160.55, which similarly provides for sealing of criminal records.[2]
*274 Here, plaintiff has affirmatively placed her criminal history at issue for the period prior to her hiring and to the present by bringing a civil suit seeking to recover back pay and reinstatement. (See Matter of Weigand [Elbridge True Value Hardware— Hudacs], 187 AD2d 791 [1992], supra [individual who was terminated for stealing put his sealed criminal record at issue when he applied for, and appealed from denial of unemployment benefits].) Thus, plaintiff has waived the protection afforded by sealing and “must then consent to [his or her adversary’s] procurement and examination of the sealed records or be precluded from prosecuting his or her claim in the civil matter.” (Matter of City of Elmira v Doe, 39 AD3d 942, 944 [3d Dept 2007] [internal quotation marks omitted], citing Wright, 175 AD2d 451 [1991], supra; Gebbie v Gertz Div. of Allied Stores of N.Y., 94 AD2d 165 [2d Dept 1983].)
Therefore, defendant is entitled to an order compelling plaintiff to execute authorizations to unseal and copy all sealed records of any criminal arrest or criminal prosecution of plaintiff. However, the application to unseal the records must be brought before the court who had jurisdiction over the criminal matter. (Lauricella v Tanya Towers, Inc., 8 AD3d 153, 154 [1st Dept 2004].)
IIL
Because plaintiff has waived the privilege attached to sealed criminal records by commencing this action, plaintiff’s objection to items 6, 7, 8, and 35 of defendant’s request for documents dated April 6, 2007 is overruled. Plaintiff must therefore provide all documents responsive to these requests within her custody, possession or control within 60 days.
Plaintiff’s objections to items 40 and 44 (which defendant numbered as items 39 and 43)[3] are sustained. Item 40 demands any and all documents concerning any lawsuit or administrative action that plaintiff has brought since 2003, with the exception of this lawsuit. This demand is overbroad. If the aim of this request is to obtain plaintiffs written statements, then defen *275 dant should make that request. Whether plaintiff brought other lawsuits may be explored in plaintiffs deposition.
Item 44 seeks any and all documents reflecting any bankruptcy or court order against plaintiff. However, defendant has not explained how these documents are relevant, or would be reasonably calculated to lead to admissible evidence to be entitled to disclosure. (Polygram Holding, Inc. v Cafaro, 42 AD3d 339 [2007] supra; Lager Assoc. v City of New York, 202 AD2d 398 [2d Dept 1994]; Wiseman v American Motors Sales Corp., 103 AD2d 230, 237 [2d Dept 1984].)
Conclusion
Accordingly, it is hereby ordered that plaintiff must provide defendant with duly executed authorizations to unseal and copy all sealed records of any criminal arrest or criminal prosecution of plaintiff within 60 days; and it is further ordered that plaintiff must provide all documents responsive to items 6, 7, 8, and 35 of defendant’s request for documents dated April 6, 2007 within her custody, possession or control, within 60 days; and it is further ordered that the remainder of defendant’s motion to compel is denied.

. As in the original. The termination of a criminal action or proceeding in favor of an individual is defined in CPL 160.50 (3).

. CPL 160.55 (1) (c) provides for sealing of “all official records and papers relating to the arrest or prosecution, including all duplicates and copies *274 thereof, on file with the division of criminal justice services, police agency, or prosecutor’s office.” Unlike CPL 160.50 (1) (c), CPL 160.55 (1) (c) does not provide for sealing of judgments and orders of the court, “reflecting a vital distinction between the rights granted here and those where defendant is acquitted. ” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 160.55, at 635.)

. Item 34 was numbered twice on defendant’s document request; plaintiff’s response renumbered the items consecutively.