Holloway v City of New York (2024 NY Slip Op 50812(U))

[*1]

Holloway v City of New York

2024 NY Slip Op 50812(U)

Decided on June 27, 2024

Supreme Court, New York County

Kingo, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 27, 2024
Supreme Court, New York County

Jason Holloway, Plaintiff,

against
City of New York, PAUL GAMBLE, Defendant.

Index No. 155025/2023

John Scola, Esq. for PlaintiffZachary Ellis, Esq. for Defendants

Hasa A. Kingo, J.

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31 were read on this motion for DISMISSAL.
With the instant motion, Defendant the City of New York (the "City"), and Deputy Assistant Commissioner Trials Paul Gamble ("ALJ Gamble")(collectively, "Defendants") move, pursuant to CPLR §§ 3211(a)(3), 3211(a)(5) and 3211(a)(7), to dismiss Plaintiff Jason Holloway's ("Plaintiff") complaint. Plaintiff opposes the motion. For the reasons stated herein, Defendants' motion is granted in part, and otherwise denied.
BACKGROUND
Plaintiff was employed as a police officer with the New York City Police Department ("NYPD") when, on October 23, 2020, he was terminated from his employment with the NYPD by Commissioner Dermot F. Shea following a disciplinary proceeding and a finding of misconduct. In this plenary action, commenced on June 6, 2023, Plaintiff alleges that the NYPD improperly terminated his employment based on criminal charges that were dismissed and sealed, in violation of the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 et seq. (Count I), the New York State Human Rights Law ("NYSHRL"), NY Exec. Law. §§ 296 et seq. (Counts II and III), and Section 160.50 of the Criminal Procedure Law [*2]("CPL") (Counts VI and VII).
ARGUMENTS
In support of the instant motion, Defendants first contend that ALJ Gamble was acting in his judicial capacity when he presided over Plaintiff's disciplinary hearing, entitling him to absolute judicial immunity and requiring the dismissal of all claims asserted against him. Next, Defendants argue that Plaintiff's employment discrimination claims must be dismissed because Plaintiff was not terminated due to his criminal history, but rather because of the conduct underlying his arrest, which included physical acts of domestic violence against his fiancée. Regarding ALJ Gamble, Defendants maintain that when an administrative law judge bases a determination on the conduct underlying the arrest, and not merely on the fact of the arrest, there is no violation of State or City Human Rights law.
Defendants further argue that Plaintiff lacks standing to seek prospective injunctive relief because he has already been terminated and faces no imminent threat of another NYPD disciplinary hearing. Additionally, Defendants assert that Plaintiff's claims under the CPL are procedurally barred for several reasons: (1) Plaintiff waived his sealing rights by stipulating to the admission of all evidence; (2) Plaintiff's failure to invoke his sealing rights precludes judicial review; and (3) Plaintiff should have raised his challenge through an Article 78 proceeding. Finally, Defendants argue that the NYPD did not introduce any official records within the scope of CPL § 160.60 at the disciplinary hearing.
In opposition, Plaintiff contends that the City took adverse employment action against him based on his criminal history, in violation of State and City Human Rights law. Plaintiff argues that such action is permissible only if the underlying conduct bears a direct relationship to the job or creates an unreasonable risk to the public. Plaintiff asserts that he has specifically pleaded that the domestic violence charges against him did not have a direct relationship to his duties as a police officer and did not pose an unreasonable risk to the public. Moreover, Plaintiff contends that he has provided specific examples of similarly situated police officers who were criminally convicted of domestic violence and other crimes yet were allowed to remain employed with the NYPD. By retaining these individuals, Plaintiff alleges, the NYPD has demonstrated that such conduct does not have a direct relationship to the job or pose a risk to the public.
Plaintiff further argues that, contrary to Defendants' assertions, NYPD disciplinary proceedings are not governed by Civil Service Law § 75, and therefore, ALJ Gamble is not immune from prosecution.
Lastly, addressing Defendants' argument that Plaintiff should have commenced an Article 78 proceeding, Plaintiff contends that he is not challenging ALJ Gamble's decision but is instead suing Defendants for discrimination. In sum, Plaintiff underscores that at this early pleading stage, dismissal is both premature and unwarranted.
DISCUSSION
A. Immunity
It is well-settled that an administrative law judge presiding over an employee's disciplinary trial is entitled to the same absolute immunity from suit as a judge acting in his or [*3]her official judicial capacity (see Peoples v. Leon, 63 F.4th 132, 138 [2d Cir. 2023] [noting that the United States Supreme Court "has extended absolute immunity to others 'who perform functions closely associated with the judicial process,' such as federal hearing examiners and administrative law judges"]; citing Cleavinger v. Saxner, 474 US 193, 200 [1985]). "The absolute immunity of a judge applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff'" (Feliciano v. P.R. State Ins. Fund, 818 F. Supp. 2d 482, 490 [2d Cir. 2011]; citing Cleavinger, 474 US at 200, supra).
Notwithstanding Plaintiff's argument that NYPD disciplinary proceedings are not governed by Civil Service Law § 75, it is axiomatic that because all of Plaintiff's allegations relating to ALJ Gamble are based on his conduct in presiding over Plaintiff's disciplinary trial, ALJ Gamble is entitled to absolute immunity here, and all of Plaintiff's claims against him are therefore dismissed.
B. Dismissal pursuant to CPLR §§ 3211(a)(3), 3211(a)(5) and 3211(a)(7)
On a motion to dismiss brought under CPLR § 3211 (a)(7), the court must "accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994] [citations omitted]). Ambiguous allegations must be resolved in the plaintiff's favor (see JF Capital Advisors, LLC v Lightstone Group, LLC, 25 NY3d 759, 764 [2015]). "The motion must be denied if from the pleadings' four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law" (511 West 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002] [internal citations omitted]). "Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (Cortlandt Street Recovery Corp. v Bonderman, 31 NY3d 30, 38 [2018]), but a pleading consisting of "bare legal conclusions" is insufficient (Leder v Spiegel, 31 AD3d 266, 267 [1st Dept 2006], affd 9 NY3d 836 [2007], cert denied 552 US 1257 [2008]) and "the court is not required to accept factual allegations that are plainly contradicted by the documentary evidence or legal conclusions that are unsupportable based upon the undisputed facts" (Robinson v Robinson, 303 AD2d 234, 235 [1st Dept 2003]). Employment discrimination cases are generally reviewed under notice pleading standards, in which a "plaintiff alleging employment discrimination need not plead specific facts establishing a prima facie case of discrimination but need only give fair notice of the nature of the claim and its grounds" (Vig v New York Hairspray Co., L.P., 67 AD3d 140, 145 [1st Dept 2009][internal quotations omitted]).
CPLR § 3211(a)(3) provides a basis to dismiss a complaint based on a plaintiff's lack of capacity to prosecute the action. In addition, "[o]n a motion to dismiss a cause of action pursuant to CPLR § 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Benn v Benn, 82 AD3d 548, 548 [1st Dept 2011][quoting Island ADC, Inc. v Baldassano Architectural Group, P.C., 49 AD3d 815, 816 [2d Dept 2008]); see also Gravel v Cicola, 297 AD2d 620 [2d Dept 2002]).
Here, the City does not advance specific grounds for dismissal of Plaintiff's complaint [*4]pursuant to either CPLR §§ 3211(a)(3) or 3211(a)(5).[FN1]
Accordingly, the City's motion is denied as to both statutory provisions.
Turning to CPLR § 3211 (a)(7), the court finds that Plaintiff has advanced sufficient grounds to permit the gravamen of his complaint to proceed at this juncture. To be sure, Plaintiff has adequately pleaded that it is unlawful to take an adverse employment action against a person who is arrested and has that arrest resolved in their favor pursuant to the NYSHRL and NYCHRL. Here, although the criminal charges against plaintiff were dismissed and sealed, Plaintiff pleads that the NYPD used his criminal proceeding to terminate his employment. Notably, even if Plaintiff was convicted of the conduct surrounding the arrest, the actions of the City, to take adverse action against Plaintiff for the conduct which led to the arrest, would only be lawful if the conduct underlying the arrest had a direct relationship to the job or the proven conduct creates an unreasonable risk to the public.
Here, Plaintiff has articulated with specificity that the conduct underlying his arrest neither poses an unreasonable risk to the public nor bears a direct relation to the duties of a police officer. Moreover, Plaintiff provides examples of similarly situated police officers, convicted of domestic violence and other offenses, who retained their employment with the NYPD. This precedent suggests that the NYPD does not view such conduct as inherently incompatible with police duties or a risk to public safety. Consequently, Plaintiff asserts that his termination, rooted in his arrest history, constitutes discriminatory action.
Under the NYSHRL, to establish a prima facie case of employment discrimination, a plaintiff must demonstrate membership in a protected class, qualification for the position, an adverse employment action, and circumstances suggesting discriminatory intent (Stephenson v. Hotel Empts. & Rest. Empts. Union Local 100 of AFL-CIO, 6 NY3d 265, 270 [2006]). While the analysis under the NYCHRL aligns with NYSHRL, the NYCHRL is to be construed more liberally to favor plaintiffs (Romanello v. Intesa Sanpaolo, S.p.A., 22 NY3d 881, 884-885 [2013]).
Plaintiffs under NYCHRL need not show an adverse employment action but only that they were treated less favorably due to their protected status (Dimitracopoulos v. City of New York, 26 F. Supp. 3d 200, 216 [ED NY 2014]). Following amendments effective August 12, 2019, NYSHRL now mirrors the liberal standard of NYCHRL for conduct occurring post-amendment (Henry v. Rising Ground, 2022 NY Slip Op 31859[U], *18 [Sup. Ct., NY County 2022]).
In this case, Plaintiff, having had the criminal charges resolved in his favor, is a member of a protected class (see Complaint ¶ 47, 48, 49, 83, 94, 95, 99). He has detailed that the adverse employment actions he suffered were due to his arrest history (id. at ¶ 103, 104, 155, 159, 244, 245). Plaintiff argues that the criminal charges against him lacked a direct relationship to his job and did not pose a substantial risk to the public, satisfying the pleading requirements for his claims (id. at ¶ 169, 171, 175, 192, 201, 208, 215, 233, 236, 242, 257).
Plaintiff further identifies officers who, despite admitting to criminal conduct or pleading guilty, retained their positions, thereby illustrating potential discriminatory treatment. The City's attempt to distinguish Plaintiff's termination as based on conduct rather than arrest does not [*5]negate the claim at this stage. The relevant standard here is the sufficiency of the pleadings, not the City's justification.
Likewise, Plaintiff has sufficiently pleaded that the use of sealed records from Plaintiff's dismissed criminal case in the disciplinary proceedings contravenes New York State Executive Law § 296. The City asserts that § 296 is inapplicable because it could have independently obtained knowledge of Plaintiff's arrest and conviction apart from his sealed records. According to precedent, once an employer or licensing agency lawfully discovers an arrest record, they may consider independent evidence of the conduct leading to the criminal charges without violating § 296 (16) (see Johnson v. Assn. for the Advancement of Blind & Retarded, 21 Misc 3d 268, 273 [Sup Ct, NY County 2008]). Furthermore, when a hearing officer's determination is based not on the fact of the arrest but on the underlying conduct, § 296 (16) is not violated (see Matter of Young v. City of New York, 68 Misc 3d 514, 518 [Sup Ct, Kings County 2020]). However, in the present case, the means by which the City discovered Plaintiff's record is not fully established in the current record. As such, the City's purported reliance on such records, despite having a legal obligation to treat them as sealed, constitutes an act of discrimination based on arrest history, irrespective of whether the conduct occurred. Contrary to the City's assertions, transcripts of the disciplinary proceedings do not categorically establish documentary proof of the City's arguments so as to warrant judgment in the City's favor. Indeed, courts may only grant the relief of dismissal premised on documentary evidence where the "documentary evidence" is of such nature and quality —"unambiguous, authentic, and undeniable" — that it utterly refutes plaintiff's factual allegation, thereby conclusively establishing a defense as a matter of law (see Phillips v Taco Bell Corp., 152 AD3d 806, 806-807 [2d Dept 2017]; VXI Lux Holdco S.A.R.L v SIC Holdings, LLC, 171 AD3d 189, 193 [1st Dept 2019] ["A paper will qualify as 'documentary evidence' if ... (1) it is 'unambiguous,' (2) it is of 'undisputed authenticity,' and (3) its contents are 'essentially undeniable"'].) The Appellate Division, First Department, has explained that the documentary evidence must "definitely dispose of the plaintiff's claim" (Art & Fashion Group Corp. v Cyclops Prod., Inc., 120 AD3d 436, 438 [1st Dept 2014]). The transcripts submitted here by the City plainly do not satisfy this standard.
Finally, it is important to note that Administrative Code § 8-107 [10] [a], [b], and [c] prohibits discrimination based on "pending arrests and criminal accusations, and criminal convictions preceding and during employment." Section (a) pertains to criminal convictions preceding employment, while Section (f) renders sections (b) and (c) inapplicable to persons employed as police officers. Similarly, Administrative Code § 8-107 [11] [a] incorporates Executive Law § 296 (16), and section (b) (3) states that this part of the NYCHRL does not apply to police officers. Administrative Code § 8-107 [11-a] addresses discrimination based on arrest and conviction records preceding and during employment, with section (g) making this law inapplicable to current police force employees.
Neither the City nor Plaintiff cited this section in their papers, likely because the adverse action against Plaintiff occurred after the dismissal and sealing of his criminal matter. This renders the case outside the scenarios where the NYCHRL would not apply to a police officer such as Plaintiff. Furthermore, more comprehensive discovery may be necessary on this issue, underscoring that dismissal at the pleading stage would be inappropriate. Additionally, even if the NYCHRL were deemed inapplicable to Plaintiff, his NYSHRL claims and other claims still survive at this stage.
In sum, Plaintiff has sufficiently pleaded claims under both the NYSHRL and NYCHRL [*6]as against the City. The comparison to similarly situated officers who retained their employment despite criminal conduct further bolsters the inference of discriminatory treatment. Thus, Plaintiff's claims for arrest history discrimination are adequately stated, thus warranting the denial of the City's motion for failure to state a cause of action.
Contrary to the City's assertions, the Appellate Division, First Department's decision in R.C. v. City of New York, 2024 NY Slip Op. 03017 (1st Dept 2024), does not alter this court's findings. In R.C., the court remanded the issue of a preliminary injunction barring the NYPD's access to arrest-related documents back to the Hon. Lyle Frank for additional fact-finding, deeming the injunction overbroad and premature. This decision bears no relevance to the present case. Here, Plaintiff brings claims of arrest history discrimination, substantiated by clear examples of others receiving more favorable treatment. Plaintiff also pleads explicit violations of sealing statutes, with only a passing reference to the preliminary injunction issued by Hon. Lyle Frank. Since the preliminary injunction in R.C. does not constitute the core of Plaintiff's allegations of discrimination, that decision holds no significance in this context.
Accordingly, the City's motion to dismiss for failure to state a cause of action is denied.
C. Article 78
The City further contends that Plaintiff's lawsuit should be dismissed since it should have been brought as a CPLR Article 78 proceeding. It is well-settled that a plaintiff alleging a discriminatory practice by a public employer may choose to proceed with such allegations either under an Article 78 proceeding or through a plenary action. In Koener v. State of New York, 62 NY2d 442 (1984), the Court of Appeals affirmed that a plaintiff has the right to choose whether to challenge an administrative decision via Article 78 or through a plenary action (see also Mentor v. Dept. of Educ. of NY, 66 NYS3d 654 [Sup. Ct., New York Cnty 2017]).
This court acknowledges that, in certain instances, an Article 78 proceeding may be the exclusive avenue for relief (see Goolsby v. City of New York, 207 NYS3d 874 [Sup. Ct., New York Cnty 2024]). However, in the present case, Plaintiff is not challenging the decision of ALJ Gamble. Instead, Plaintiff is suing Defendants for discrimination and violations of his rights. Plaintiff has elected to pursue this path to avail himself of the full scope of damages, rather than limiting his remedies to those available through an Article 78 proceeding. As noted above, courts have consistently upheld a plaintiff's prerogative in choosing the appropriate proceeding. This choice alone invalidates most of Defendants' arguments. The remaining points require this court to make premature factual determinations. Applying the correct standard and taking Plaintiff's pleadings as true, this court finds that Plaintiff has sufficiently pleaded his claims and finds no viable basis to second-guess Plaintiff's election to pursue relief through a plenary action. Therefore, the City's motion to dismiss premised on Plaintiff not pursing an Article 78 proceeding, is denied.
Based on the foregoing, it is hereby
ORDERED that ALJ Gamble's motion to dismiss is granted to the extent that Plaintiff's claims as against ALJ Gamble are dismissed in their entirety; and it is further
ORDERED that the City's motion is denied in its entirety; and it is further
ORDERED that the Clerk of the Court is directed to enter judgment in ALJ Gamble's favor accordingly.
This constitutes the decision and order of the court.
DATE 6/27/2024
HASA A. KINGO, J.S.C.

Footnotes

Footnote 1:The City's argument that Plaintiff lacks standing because he has already been terminated and faces no imminent threat of another NYPD disciplinary hearing is unavailing.